(C. D. 942)

BALFOUR, GUTHRIE & CO. *v.* UNITED STATES

## United States Customs Court, Third Division

(Decided July 12, 1945)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: This case relates to a quantity of what is described as "Washed Philippine Centrifugal Sugar" brought into the port of San Francisco on or about July 31, 1941. It was subjected to an excise tax under the Sugar Act of 1937 (50 Stat. 913), as amended by Public Law No. 860 of October 15, 1940 (54 Stat. 1178, Ch. 887). According to the papers in evidence the polariscopic test showed 99.9 sugar degrees and the sugar was therefore assessed at 0.534125 cent per pound.

Plaintiff claims that no duty or taxes under said sugar act should have been assessed and further that the merchandise is free of duty under section 301 of the Tariff Act of 1930, relating to merchandise from the Philippines. The latter claim was allowed on entry and therefore need not be considered. The pleadings also contained a claim under "section 201 (free list), tariff act of 1930." This claim is overruled inasmuch as the act under which claim is made contains no such section. The only claim, therefore, left for consideration is that under the sugar act, *supra*.

The provisions of the sugar act under which this tax was assessed are found in title 26 of the U. S. Code from which we quote as follows:

### SUBCHAPTER B.—IMPORTATION

SEC. 3500. Rate of tax.

In addition to any other tax or duty imposed by law, there shall be imposed, under such regulations as the Commissioner of Customs shall prescribe, with the approval of the Secretary, a tax upon articles imported or brought into the United States as follows:

(1) On all manufactured sugar testing by the polariscope ninety-two sugar degrees, 0.465 cent per pound, and for each additional sugar degree shown by the polariscopic test, 0.00875 cent per pound additional, and fractions of a degree in proportion;

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(53 Stat. 428.)

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

SEC. 3501. Assessment and payment.

Such tax shall be levied, assessed, collected, and paid in the same manner as a duty imposed by the Tariff Act of 1930, 46 Stat. 590, 672 (U. S. C., Title 19, ch. 4) and shall be treated for the purposes of all provisions of law relating to the customs revenue as a duty imposed by such Act, except that for the purposes of Sections 336 and 350 of such Act (the so-called flexible-tariff and trade-agree-

ments provisions) such tax shall not be considered a duty or import restriction, and except that no preference with respect to such tax shall be accorded any articles imported or brought into the United States. (53 Stat. 428.)

\* \* \* \* \* \* \*

**SEC. 3508. Termination of taxes.**

No tax shall be imposed on the manufacture, use, or importation of sugar after June 30, 1942. (53 Stat. 429; Oct. 15, 1940, ch. 887, sec. 2, 54 Stat. 1178.)

Section 3508 above, as it originally appeared in the Internal Revenue Code, fixed the date of termination of these taxes as June 30, 1941, using the language above quoted with the exception of the year 1941 instead of 1942. This was derived from section 513, title V of the Sugar Act of 1937 (50 Stat. 916). The extension of the provisions of the sugar act as set forth above in section 3508 found in Public Law No. 860 (54 Stat. 1178), is in the exact language quoted above with the year 1942 substituted for 1941.

Plaintiff contends that section 403 (a) of the sugar act (section 3500 U. S. Code, above set forth), as enacted, required payment of a tax upon two classes of sugar arriving in this country, viz, sugar "imported," that is, brought in from a foreign country, and sugar which was "brought into" the United States from the Philippines or from United States possessions. He further contends that as originally enacted the law required that taxes should be assessed only up to June 30, 1941, and that the act of October 15, 1940 (sec. 3508, U. S. Code, *supra*), related only to "manufacture, use, or importation of sugar" and did not extend the act of 1937 so far as it authorized imposition of a tax on sugar "brought into the United States." Therefore, he reasons, the instant sugar being a product of the Philippines and not being an "importation" under the doctrine enunciated in *Associated Commercial Co.* v. *United States*, 24 C. C. P. A. 402, T. D. 48855, is not assessable under the act as extended.

The Government, on the other hand, contends that Congress in Public Law 860, *supra*, extending the provisions of the sugar act until June 30, 1942, intended to and did extend all of the provisions of that act until June 30, 1942. As indicative of this intention, Government counsel cites the amendment to section 503 of the original act relating to the appropriation and payments to the Commonwealth of the Philippine Islands of an amount of taxes collected or accrued under title IV of the act (less certain enumerated expenses) upon sugars manufactured from sugarcane produced in the Philippines for the purpose of financing a program of economic adjustment in those islands. Said amendment consisted only of striking out the date of June 30, 1941, and inserting in lieu thereof June 30, 1942, as the expiration of the period governing the payment to the Philippines.

We have given careful consideration to the arguments set forth in the briefs filed, but base our conclusion upon a ground merely touched upon at the conclusion of the brief on behalf of the Government.

Section 513, title V of the sugar act as originally enacted, was in the following form:

SEC. 513. No tax shall be imposed on the manufacture, use, or importation of sugar after June 30, 1941, * * *.

Under plaintiff's theory the date of termination of the tax therein set forth would be ineffective insofar as it related to sugar "brought into" the United States from the Philippines because such sugar was not "imported." That being true, it would have been unnecessary to have extended the life of the act insofar as it related to such sugar, for as to that merchandise the act was still in effect at the time this sugar was brought into the United States. Therefore, there would be no ground for plaintiff's contention that the sugar now before us, a product of the Philippines brought into the United States, is exempt from assessment of taxes under the Sugar Act of 1937, or stated in another way, such sugar would still be taxable under that act even if Public Law 860, *supra*, had not been enacted. A mere statement of this proposition discloses its absurdity.

It is the opinion of the court and we so hold that it was the intention of Congress in enacting Public Law 860, *supra*, extending the provisions of the Sugar Act of 1937 and the taxes with respect to sugar, to extend the assessment of such taxes upon sugar from the Commonwealth of the Philippines which fell within the purview of said sugar act. Therefore, the sugar herein involved is properly dutiable as assessed by the collector. Plaintiff's claims should be and the same hereby are overruled.

Judgment will be rendered for the defendant.